IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| JACOB EDWARD CULLITON, Plaintiff, vs. ANDREA W. LOCKWOOD, Defendant. | ORDER AND MEMORANDUM DECISION Case No. 1:11-CV-00059-TC |

In April 2011, *pro se* Plaintiff Jacob Edward Culliton filed a civil rights complaint under 42 U.S.C. § 1983 against Andrea W. Lockwood, an Odgen Justice Court Judge. The court has permitted Mr. Culliton to proceed *in forma pauperis* (i.e., without payment of fees) under 28 U.S.C. § 1915. (See Dkt No. 2.)

The court has screened Mr. Culliton's civil rights complaint and finds that it fails to state a claim on which relief may be granted because it seeks relief against a defendant who is immune from such relief. Defendant Judge Lockwood is immune from such an action based on the doctrine of absolute judicial immunity. Consequently, the court DISMISSES Mr. Culliton's complaint.

## FACTUAL BACKGROUND[1]

According to Mr. Culliton, Defendant Andrea W. Lockwood is a judge with the Ogden Justice Court. From Mr. Culliton's somewhat vague allegations, it appears that Judge Lockwood presided over a hearing to determine whether to issue a formal information for the eventual prosecution of Mr. Culliton. (Compl. (Dkt. No. 3.) at 5.) Judge Lockwood allegedly used language favoring the prosecution when she said to Mr. Culliton, "we are charging you." (Id. at 3 (emphasis added).) Judge Lockwood allegedly stated that the prosecution did not need to prove injury before charging Mr. Culliton and that anything he said about the U.S. Constitution was not applicable to the court proceedings. (Id. at 4.) And when Mr. Culliton demanded a jury trial, Judge Lockwood lowered the charge merely to deny him his right to a jury. (Id. at 5 (alleging that "[w]hen [Mr. Culliton] submitted [his] jury demand [Judge Lockwood] immediately lowered and amended the formal information to an infraction").)

## ANALYSIS

**Dismissal of Complaint**

Because Mr. Culliton is proceeding *in forma pauperis*, the court is obligated to *sua sponte* review and dismiss the case if the action is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); see also Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) (finding the

---

[1] The background is constructed from the allegations in Mr. Culliton's complaint. When reviewing a complaint under § 1915(e)(2), the court treats all factual allegations of the complaint as true and construes those allegations, and any reasonable inferences that might be drawn from them, in a light most favorable to the plaintiff. E.g., Kay v. Bemis, 500 F.3d 1214, 1217-18 (10th Cir. 2007). And because Mr. Culliton is a *pro se* plaintiff, the court construes his complaint liberally. Id. at 1218.

court may dismiss a complaint *sua sponte* "when it is patently obvious that the plaintiff [cannot] prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile" (internal quotation marks and citation omitted)).

**Absolute Judicial Immunity**

Judges are absolutely immune from civil liability unless they act in the clear absence of all jurisdiction. Whitesel v. Sengenberger, 222 F.3d 861, 867 (10th Cir. 2000) (citing Henriksen v. Bently, 644 F.2d 852, 855 (10th Cir. 1981)). Even if a judge acts erroneously, maliciously, or in excess of her authority, she is not necessarily without jurisdiction. Id. (citation omitted). A judge retains absolute immunity even if she commits "grave procedural errors." Stump v. Sparkman, 435 U.S. 349, 359 (1978). And, "judicial immunity is an immunity from suit, not just from ultimate assessment of damages." Mireles v. Waco, 502 U.S. 9, 11 (1991) (citing Mitchell v. Forsyth, 472 U.S. 511, 526 (1985)).

Judge Lockwood acted within the Ogden Justice Court's jurisdiction when presiding over the information hearing. Accordingly, even if Judge Lockwood had acted erroneously, maliciously, in excess of authority, or committed grave procedural errors, the judge is absolutely immune from not only the relief sought, but the entire suit.

Even liberally construing Mr. Culliton's complaint, the court holds that judicial absolute immunity prohibits a suit against Judge Lockwood arising from Mr. Culliton's information hearing. An amendment will not cure the complaint's deficiencies. Accordingly, this court acts within its authority to dismiss the complaint.

3

**ORDER**

For the foregoing reasons, the court DISMISSES WITH PREJUDICE Mr. Culliton's complaint in its entirety. The Clerk of the Court is hereby directed to close this case.

DATED this 2nd day of June, 2011.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
District Court Judge